IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

IN THE MATTER OF:

William Henry Feggins,            Chapter 13
                                       Case No. 13-11319

        Debtor.

WILLIAM HENRY FEGGINS,

        Plaintiff,                          Adv. Proc. No. 14-1051

vs.

eCAST SETTLEMENT CORPORATION and
BECKET & LEE LLP,

        Defendants.

## APPLICATION FOR APPROVAL OF ATTORNEY FEES AND EXPENSES

COMES NOW, the undersigned attorney, on behalf of the applicant (hereinafter "debtor" or "plaintiff"), in the above-styled case and respectfully requests this Honorable Court approve Attorney fees earned in conjunction with the representation and subsequent proposed settlement of the debtor's claim as follows:

1. All funds proposed to be paid to the Attorneys herein are being paid from the gross settlement proceeds paid by the Defendants. No funds being sought by the attorneys as compensation would be paid by the Estate or the Debtor.

2. The plaintiff instituted suit in this Court against Defendants alleging that Defendants had violated the FDCPA with respect to their conduct set out in the complaint. The plaintiff sought appropriate judicial relief as well as any appropriate damages. The Defendants have not filed an answer and expressly deny the allegations set out in the complaint.

3. The attorneys for the debtor were employed on a hybrid contingency fee basis. The contract calls for the fee structure to be 50% of the gross settlement recovered in the case before any deductions for expenses *or* an hourly rate based upon a fee application by the Firm's for the Firm's actual time expended on the case.

2014 08 20 Feggins - Application for Approval of Attorney Fees & Expenses        Page 1 of 4
Case 13-11319    Doc 37    Filed 08/20/14    Entered 08/20/14 10:34:27    Desc Main
Document    Page 1 of 4

4. In the present case the defendants agreed to pay the debtor's attorney's fees as part of the settlement agreement rather than contest the same.

5. Counsel for the debtor negotiated a lump sum payment of $2,500.00, which was intended to settle the claims against Defendants and their affiliates and subsidiaries as listed in the complaint and motion to compromise.

6. In addition to the lump sum settlement, Defendants shall *either* amend their proof of claim (Claim 1) filed in the debtor's Chapter 13 in the amount of $24,458.92 to reflect a $0.00 balance due, or Defendants shall withdraw their claim. Defendants also agree that they will take no further action to collect said debt.

7. The $2,500.00 gross settlement would be divided with $2,000.00 going to the debtor's attorney for fees, $19.32 to the debtor's attorney for expense reimbursement in accordance with the employment agreement, and $480.68 in statutory damages to the debtor.

8. Debtor proposes to retain $480.68 from the settlement to reimburse him for out of pocket expenses including lost time from work for meetings with attorneys on this matter, related travel expenses, and other expenses incurred as a result of defendant's FDCPA violation.

9. The $2,500.00 gross settlement would be divided as follows:

| Attorney's Fees | $2,000.00 |
|---|---|
| Attorney's Expense Reimbursements (Photocopies = $2.20; certified mail postage = $13.82; PACER = $3.30) | $19.32 |
| Reimbursement to debtor for loss of wages, expenses | $480.68 |
| Total Funds to be Disbursed | $2,500.00 |

10. The motion to approve the Compromise settlement was filed on today's date, which counsel adopts herein and which fully sets forth the entire terms of the proposed settlement.

11. Undersigned and his firm along with Brock & Stout, LLC have an undivided interest in these fees pursuant to the Of Counsel agreement between our firms. Through this agreement my firm is a "regular associate" of Brock & Stout, LLC as defined in Rule 9001(10) of the bankruptcy rules.

12. Undersigned represents to the Court that he has previously had hourly rates approved in excess of $300 per hour by the Bankruptcy Courts for the Middle District of Alabama.

13. Undersigned affirms that he has practiced law continuously since May of 1998.

14. Undersigned states that the Laffey Matrix is recognized as a point of reference for the reasonableness of hourly rates of compensation for an attorney practicing in the Federal Courts of Washington, D.C. based upon the attorney's years of experience.

15. The Laffey Matrix is published by the Department of Justice annually and is available for inspection at the following link on the world wide web:

    http://www.justice.gov/usao/dc/divisions/civil_laffey_matrix_8.html

16. Undersigned represents that the Laffey Matrix reveals an attorney with undersigned's years of experience would have a presumptive reasonable hourly rate of $420 per hour. This rate would of course be subject to adjustment based upon the so-called "Johnson factors" set out in Federal common law on the subject of reasonable fees.

17. Undersigned's published hourly rate for hourly billing services in his office is $350 per hour.

18. Based upon the undersigned's published hourly rate in his office the fee requested would be equivalent to 5.71 hours worked on the file.

19. Undersigned represents that the fee sought is reasonable and not excessive based upon rates charged for similar services within the legal community performing litigation of the type performed in this case in the Bankruptcy Courts of the United States and in the Bankruptcy Courts of Alabama.

20. Counsel requests that Your Honor approve the requested attorney's fee without any reduction.

21. Counsel requests that Your Honor approve the costs as requested in the motion without any reduction.

WHEREFORE, Counsel for the Plaintiff prays of the Court as follows:

A. That the Court approve the payment of attorney's fees to Counsel for the Plaintiff as set out above in the amount of $2,000.00;

B. That the Court approve the reimbursement of expenses in the amount of $2.20 for photocopies and $13.82 for certified mail costs; and $3.30 for PACER costs; and

C. That the Court grant any other relief the Court may deem just and proper under the circumstances.

Dated this 20th day of August, 2014.

> /s/Nick Wooten
> Nick Wooten - Bar No. WOO084
> Nick Wooten, LLC
> *Of Counsel to Brock & Stout, LLC*
> P.O. Box 3389
> Auburn, AL 36831
> Tel. (334) 887-3000
> Fax (334) 821-7720
> Email:  nick@nickwooten.com

CERTIFICATE OF SERVICE

I hereby certify that I have served a true and correct copy of the foregoing document on the following parties in interest either by first class U.S. Mail, postage prepaid, or via electronically on this the 20th day of August, 2014.

Natalie M. McGhee
Becket & Lee LLP
16 General Warren Boulevard
P.O. Box 3001
Malvern, PA 19355

The Debtor

Curtis C. Reding
Chapter 13 Trustee
Via ECF system

Teresa Jacobs
Bankruptcy Administrator

> /s/ Nick Wooten
> Of Counsel